Dear Mayor Amacker:
This office is in receipt of your request for an opinion of the Attorney General in regard to the Town of Lake Providence entering into a contract for garbage collection. You ask whether the Town is legally authorized to enter into a contract with Garbage District #1 of East Carroll Parish to allow the District to collect the garbage from the residents of the Town of Lake Providence, noting that Atty Gen. Op. 80-1618 appears to prohibit such a contract.
In the latter opinion this office was asked whether or not it would be legal for the East Carroll Parish Garbage District #1 to provide solid waste pick-up and disposal for the public schools, hospitals and airport located within the boundary of the corporate limits of the Town of Lake Providence. In response it was found that the parish governing authority was authorized to create garbage districts outside the limits of municipal corporations, and to contract obligations to maintain garbage collection and disposal service within the territorial limits of the district. Observing that garbage districts were created for serving persons living outside of municipal corporations, it was concluded, "Thus, it is the opinion of this office that it is not permissible for garbage districts to perform disposal acts within the corporate limits of municipalities."
In accordance with R.S. 33:8001 the parish governing authority may create garbage districts composed of territory wholly within the parish, and each such district "shall be a political and legal subdivision of the state". However, the statute specifically provides that the district is "outside of the corporate limits of municipal corporations."
Despite the provision that the garbage district shall not include the municipal corporations, we do not find this excludes the possibility of entering into an agreement with the municipality. In Title 33, Municipalities and Parishes, Chapter 2, Local Government, Part VII is entitled "Intergovernmental Functions", and therein R.S. 33:1323 directs that the part shall be liberally construed through the use of arrangements for greater economy and efficiency in the operation of local services. R.S. 33:1324 then sets forth as follows:
 Any parish, municipality or political subdivision of the state, or any combination thereof, may make agreements between or among themselves to engage jointly in the construction, acquisition or improvement of any public project or improvement, the promotion and maintenance of any undertakings or the exercise of any power, provided that at least one of the participants to the agreement is authorized under a provision of general or special law to perform such activity or exercise such power as may be necessary for completion of the undertakings. Such arrangements may provide for the joint use of funds, facilities, personnel or property or any combination thereof necessary to accomplish the purposes of the agreement, and such agreements may include but are not limited to activities concerning:
 * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
 (3) Sewers, drains and garbage and other refuse collection and disposal.
R.S. 33:1333 specifically provides the following:
 Any parish, municipality, consolidated garbage district created pursuant to Article XIV, Sec. . 14(K-1-b) of the Louisiana Constitution, or political subdivisions of the state may make agreements pursuant to R.S. 33:1324 and R.S. 33:1324.1 in order to create greater efficiency, economy and further extension of service in the area of solid waste disposal. * * * *.
The cooperation between the police jury and a municipality for garbage collection was recognized by this office in Atty. Gen. Op. 86-358 in response to the question whether the police jury could assess a service charge for the collection of solid waste within the corporate limits of a Lawrason Act municipality. Under the statutory authority for a joint undertaking relating to intergovernmental functions, this office concluded, "Consequently, it is the opinion of this office that a police jury may assess service fees for collection and disposal of garbage and trash on residents of a municipality pursuant to a properly executed joint agreement between the parish and the municipality."
Therefore, while the Garbage District's jurisdiction for collection of garbage does not extend to municipalities, an agreement may be entered into with the municipality for a joint undertaking for disposal of the solid waste of residents of the municipality in accordance with the terms reached between the Garbage District and the Town, and Atty. Gen. Op. 80-1618 should be modified to this extent.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: ___________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr